**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                              **NO: 03-257**

**LAWRENCE GIRTLEY a/k/a Pee Wee**                **SECTION: "K"(1)**


**ORDER AND REASONS**


Before the Court is Limited Remand Order (Rec.Doc.No. 1165) from the U.S. Fifth

Circuit Court of Appeals instructing this Court to make a finding pursuant to Rule 4(b)(4) of the

Federal Rules of Appellate Procedure as to whether Defendant Lawrence Girtley is entitled to an

extension of time in which to file his notice of appeal because his delay was due to excusable

neglect or good cause. After reviewing the record and relevant law and conducting a hearing on

the matter, the Court denies Defendant's motion.

A district court may grant a defendant an additional thirty days in which to file a timely

notice of appeal upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4).

Defendant Girtley filed his appeal within this thirty day period but no such extension had been

1

granted by this Court. Judgment was entered by the Court on December 16, 2004. Defendant's

deadline to file his notice of appeal was ten days from the entry of judgment. *See* Fed. R. App. P

4(b)(A). Without requesting an extension, Defendant filed his notice of appeal with this Court on

January 24, 2005, and it was subsequently filed into the record by the clerk on January 27, 2005.[1]

The Fifth Circuit considered Defendant's filing of his notice of appeal on January 24, 2005, as

sufficient as a motion for a finding of excusable neglect or good cause.[2]

    Applying the excusable neglect or good cause standard in the civil context, the Honorable

Judge Vance stated the following:

> In deciding what constitutes "excusable neglect," courts employ the analysis adopted by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnerships,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495 (1993). In *Pioneer,* the Supreme Court explained that "excusable neglect" includes "inadvertence, mistake, or carelessness, as well as ... intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 388, 113 S.Ct. at 1495. The Supreme Court further stated that consideration of a party's neglect "is at bottom an equitable one." *Id.* at 395, 113 S.Ct. at 1498. Factors to be considered include the reason for the delay, the absence of bad faith, the length of the delay, and the danger of prejudice to the nonmoving party. *Id.* If the reason for the delay is a misconstruction of an unambiguous rule, however, an extension of time is only to be granted in rare circumstances. *Midwest Employers Casualty Co. v. Williams,* 161 F.3d 877, 882 (5th Cir. 1998); *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 469 (5th Cir. 1998); *see also Ludgood v. Apex Marine Corporation Ship Management,* 311 F.3d 364 (5th Cir.2002); *United States v. Clark,* 51 F.3d 42, 44 (5th Cir.1995).

---

[1]    *See* Notice of Appeal (Rec.Doc.No. 841).

[2]    *See* Limited Remand Order at 2 (Rec.Doc.No. 1165) (citing *United States v. Golding*, 739 F.2d at 184).

*Worthy v. General Longshoremen's Workers Intern.*, 2003 WL 260520 (E.D. La. Feb. 4, 2003).

Here, the Fifth Circuit found that Defendant filed his notice of appeal within the additional thirty days; however, it remanded the proceeding for the limited purpose of considering whether such an extension was warranted. Pursuant to the order of the Fifth Circuit, the Court conducted a hearing via video conference on July 18, 2007.

When asked by the Court his reasons for untimeliness, Defendant suggested that he had difficulty communicating with his attorney that he wanted to appeal. Upon cross examination, the Defendant stated that he recalled that he had previously waived his appeal rights except in the instance that his sentence exceeded the statutory maximum, that his sentence was an upward departure from the guidelines, or that he was deprived of certain constitutional rights including ineffective assistance of counsel. Defendant also acknowledged that he was told prior to sentencing and during sentencing by the Court that he had ten days from the day of judgment to file his notice of appeal.

Upon further inquiry of the Court, Defendant submitted that he had received a letter from the U.S. Fifth Circuit Court of Appeals indicating that he had until the January 24, 2005, to appeal his conviction. Defendant stated that he viewed this letter as restoring his previously waived right to appeal his conviction.[3]

In considering the relevant factors, the Court finds that Defendant merely chose not to comply with an unambiguous rule, and though the delay was not substantial, Defendant offers no

---

[3] Specifically, Defendant challenges the level of involvement in the conspiracy as reflected in the pre-sentence investigation report. This he argues despite the fact that he acknowledges that he nor his attorney challenged the report at the time of sentencing.

good cause why he neglected to file his notice of appeal within ten days from the entry of

judgment. In fact, Defendant acknowledged that he was aware that he had ten days to file his

notice of appeal, and that his motive to appeal did not come until he believed he had regained

certain appeal rights that he had previously waived.[4] The Court finds that this mistake of law had

no bearing on Defendant's understanding of the time he was allotted to appeal his sentence and,

therefore, does not constitute good cause for extending Defendant's time to appeal. Accordingly,

     **IT IS ORDERED** that Defendant's motion to extend the period to file his notice of

appeal is **DENIED**.

     New Orleans, Louisiana, on this   18th day of July, 2007.

_____
        **STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4]     Although the letter Defendant claims he received from the Fifth Circuit is not part
of the record, the Court finds that such a letter had no bearing on Defendant's understanding of
the rule that he had ten days to file a notice of appeal from the entry of judgment.